STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

JUDITH ANN PAVEY  2173-0
Suite 1900, Pacific Guardian Center
Makai Tower, 733 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808)537-6100
Fax:           (808)537-5434
Email:        jpavey@starnlaw.com

Attorney for Plaintiff
DANIELLE K. GODDARD,
Individually and as Next Friend for
A.D.G., minor

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIELLE K. GODDARD, Individually and as Next Friend for A.D.G., minor,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 17-000512<br><br>COMPLAINT |

1729444

# COMPLAINT

Plaintiff DANIELLE K. GODDARD, individually and as next friend for A.D.G., a minor, through their attorney JUDITH ANN PAVEY, hereby complain against Defendant as follows:

1.  Plaintiff DANIELLE K. GODDARD ("Danielle") is a resident of Manassas, State of Virginia. She was appointed as Next Friend, jointly with her husband Kenneth D. Goddard, for their minor son, A.D.G. on November 28, 2016 by the First Circuit Court, State of Hawaii. Kenneth D. Goddard and A.D.G. are also residents of Manassas, State of Virginia. Danielle was a military dependent as the wife of Kenneth D. Goddard who was an active duty Marine during the time of the events as alleged herein.

2.  Defendant UNITED STATES OF AMERICA ("Defendant") is responsible for the negligence alleged herein of its agents, including but not limited to those identified in this Complaint, who treated Danielle at the Naval Hospital Camp LeJeune facilities located in North Carolina, and the MHP Honu BCH , Kaneohe Bay at MCBH facilities, and the Tripler Army Medical Center ("TAMC") and its associated clinics which are located in the County of Honolulu, State of Hawaii.

3.  This Court has jurisdiction over the parties pursuant to 28 U.S.C. section 1346(b).

1729444

4. Danielle, individually and with Kenneth D. Goddard as Next Friends of their minor son A.D.G. has exhausted the administrative remedies related to their claims of medical negligence against Defendant and its agents (Navy and Army) as identified generally in paragraph 2 above, and have satisfied the claim and notice requirements of the Federal Tort Claims Act.

5. Venue is proper in the Federal District of Hawaii since most of the events giving rise to this lawsuit took place in the County of Honolulu, State of Hawaii.

6. On or about February 19, 2013 Danielle presented to Laura Kathleen Cargill, PAC at Naval Hospital Camp LeJeune with a palpable, painful left breast lump. Dr. Cargill ordered an ultrasound but no biopsy.

7. An ultrasound and left breast mammogram were conducted on February 25, 2013 at Naval Hospital Camp LeJeune and incorrectly interpreted by Valerie S. Strang, M.D. as a benign category I. Both tests demonstrated suspicious masses at the area of concern.

8. Based upon the results of the tests together with the physical exam and Danielle's maternal history of breast cancer, the standard of care required a recommendation of a biopsy by both Dr. Strang and Dr. Cargill. Neither made that recommendation nor did they inform Danielle that only a biopsy could rule out breast cancer in her case.

9. Dr. Cargill failed to order a biopsy of the breast lump and erroneously assured Danielle that she need not be concerned about cancer. There was no follow up care by Dr. Cargill or any other Defendant health care professional at Naval Hospital Camp LeJeune concerning the breast lump, actions and failures to act that also violated the standard of care.

10. Kenneth D. Goddard was transferred to Kaneohe Marine Corp Air Station on Oahu, County of Honolulu, Hawaii, on or about November 2013.

11. On or about November 6, 2013 during a routine gynecological exam at MHP Honu BCH , Kaneohe Bay at MCBH with Ravi D. Reddy, M.D., it was noted that Danielle was a "high risk" patient with a painful left breast mass for nine (9) months since February 2013 that had not been biopsied. The mass was noted to have "fluctuated in size" and was now with expressible discharge, among other findings.

12. Again, no biopsy was ordered. No MRI was ordered. The failure to biopsy the mass was a violation of the standard of care, as was the failure to perform an MRI.

13. Dr. Reddy also failed to (a) inform Danielle that only a biopsy could rule out cancer in her case, (b) recommend that she undergo a biopsy right away, and (c) schedule a biopsy for Danielle. Instead, Dr. Reddy dismissed the possibility of cancer and lead Danielle to continue to believe what Dr. Cargill had

told her, i.e. that there was no concern for cancer.  These actions and failures to act violated the standard of care.

14. Based upon the history given to Dr. Reddy by Danielle that both her mother and maternal grandmother had been diagnosed with breast cancer, Dr. Reddy referred Danielle to Susan Donlon, MS, CGC, Defendant's genetic counselor, with whom Danielle consulted on December 2, 2013.  Although Ms. Donlon noted that the mass in Danielle's left breast was enlarging and her intention to order more testing, there was no follow up by Ms. Donlon.

15. Dr. Reddy ordered an ultrasound which was performed on or about January 7, 2014 and read as abnormal.

16. Defendant's agent at TAMC, Alexander B. Galifianakis, M.D., interpreted the ultrasound.  Dr. Galifianakis violated the standard of care in interpreting and reporting the ultrasound in including, but not limited to, the following:  failure to compare the ultrasound with the prior ultrasound and mammogram of February 25, 2013; failure to place emphasis on the clinical history of the breast mass and Danielle's family history of breast cancer; and his failure to recommend a repeat mammogram and a biopsy

17. Dr. Galifianakis recommended close clinical follow-up which Defendant and its agents failed to do.

18. Two years and nine months after first presenting in February 2013 to Defendant with a left breast mass, on November 9, 2015 Danielle reported to TAMC that she had found a new lump in her left breast.

19. On November 25, 2015 Danielle was diagnosed at TAMC with metastatic breast cancer.

20. At that time Danielle was only 27 years old and her son A.D.G. was only 5 years old.

21. Defendant's agent at TAMC informed Danielle that she likely had less than two years to live and recommended that under these circumstances the Goddard family should be transferred from Hawaii to Virginia to be close to family.

22. Defendant's treatment of Danielle was negligent and below the standard of care in including but not limited to the following: failing to inform Danielle that biopsy was the only definitive diagnostic test to rule out cancer and that it was needed in her case; failing to biopsy the breast mass beginning in February 2013 and continuing throughout until a biopsy was eventually performed in December 2015; failing to perform close clinical follow up and monitoring of Danielle's breast lump; failing to fully, effectively and with continuity communicate with physicians to whom Danielle was referred; failing to be fully familiar with her medical records including all tests and the radiological films;

1729444

failing to schedule testing and/or to ensure such scheduling and performance of such testing, including most importantly a biopsy, that should have been performed; failing to identify and appreciate the risk and to make appropriate recommendations for biopsy and follow up testing to Danielle, to other health care workers involved in Danielle's care, and in radiology reports; failing to perform additional follow up radiological testing; failing to provide Danielle with informed consent throughout her treatment prior to her cancer diagnosis; and negligently leading Danielle to believe that she need not be concerned that her breast lump was cancerous.

23. Had Danielle received standard of care medical treatment her cancer would more likely than not have been diagnosed in 2013 and it would have been curable at that point in time.

24. Had Danielle received standard of care medical treatment in 2014 her cancer would more likely than not have been diagnosed in 2014 and would have likely been curable at that point in time as well.

25. As a direct and proximate result of Defendant's medical errors and treatment that fell below the standard of care as generally described herein, Danielle has metastatic breast cancer and has suffered, is suffering and will continue to suffer, among other things and damages, extensive surgeries, chemotherapy, radiation therapy, extreme physical and emotional pain and

suffering, disability, dependency, disfigurement, emotional distress, depression, anxiety, loss of enjoyment of life with her son, husband, family and friends, loss of earning capacity, a severely shortened life expectancy, and medical bills.

26. As a direct and proximate result of Defendant's conduct as described herein that has so gravely affected his mother Danielle, A.D.G. has also suffered, is suffering and will continue to suffer, among other things, a loss of consortium, emotional distress, fear, sadness, depression, anxiety, loss of enjoyment of life, and the loss of his mother's love, support, services, and guidance.

WHEREFORE, Plaintiff DANIELLE K. GODDARD, individually and as Next Friend for her minor son, A.D.G., demands judgment against Defendant as follows:

For Plaintiff DANIELLE K. GODDARD individually:

1. General damages in an amount to be determined by the Judge.

2. Special damages in an amount to be proven at trial.

3. Attorney's fees, costs of suit, prejudgment interest and such other and further relief as the Court deems proper under the circumstances.

For Plaintiff DANIELLE K. GODDARD as next friend of A.D.G., minor:

1. General damages in an amount to be determined by the Judge.

1729444

    2.    Special damages in an amount to be proven at trial.

    3.    Attorney's fees, costs of suit, prejudgment interest and such other and further relief as the Court deems proper under the circumstances.

DATED: Honolulu, Hawaii, October 12, 2017.

        /s/Judith Ann Pavey
        JUDITH ANN PAVEY
        Attorney for Plaintiff
        DANIELLE K. GODDARD,
        Individually and as Next Friend for
        A.D.G., minor